OPINION
Chris Mullins appeals from his conviction in the Montgomery County Common Pleas Court of possession of a controlled substance in violation of R.C. 2925.11(A). Mullins was convicted pursuant to his no contest plea following the trial court's denial of his suppression motion.
The facts underlying Mullins' arrest are set out in the State's brief and are fully supported by our review of the record.
On May 3, 1998 at approximately 7:55 a.m., Officer Mike Pigman of the Trotwood Police Department was dispatched to a gas station situated on the corner of Third Street and Olive Road where it was reported that two intoxicated white males were attempting to break in. After investigating the scene and finding nothing incriminating, Officer Pigman decided to patrol the general vicinity to search for individuals on foot.
Approximately ten minutes later, Pigman located Chris Mullins walking alongside Olive Road in a ditch. As Pigman approached Mullins, Mullins fell face first into the ditch. (Tr. 7). Pigman said he observed scratches on Mullins left cheek and shoulder area and Mullins was bleeding. Pigman said he detected a moderate odor of alcohol from Mullins. Pigman said he asked Mullins what he was doing and Mullins stated he was looking for his car. Because Mullins slurred his speech, had difficulty steadying himself, was "very hard to understand," was found walking alone alongside a roadway and had bleeding lacerations on his cheek and shoulder area, Officer Pigman placed the appellant under arrest for public intoxication.
After taking Mullins into custody, Pigman performed a routine pat down and discovered pills in appellant's right front pants pocket. Mullins stated that the pills were Xanax. Pigman then placed Mullins into the cruiser, asked for a description of appellant's vehicle, and proceeded to drive around in search of that vehicle. Although the appellant initially indicated that he owned a black Ford Escort, when Officer Pigman located an abandoned black Ford Thunderbird, appellant identified the vehicle as his. It was found roughly one hundred yards from the gas station where Officer Pigman was originally dispatched. Thereafter, appellant was treated for his injuries and taken to jail.
In his pre-trial motion, appellant contended that Officer Pigman had no probable cause to arrest him for public intoxication. In overruling the motion, the trial court noted that Officer Pigman testified that in his thirteen years as a police officer he had never observed anyone more impaired by alcohol or drugs than Mullins.
The trial court noted that while disorderly conduct is a minor misdemeanor and is not normally an arrestable offense, the offender may be arrested if he requires medical care or is unable to provide for his own safety. The trial court held that Officer Pigman properly arrested the appellant because the court reasoned the removal of a highly impaired person from the side of a public highway "is a perfect example of a situation" for which the "safety" exception of R.C. 2935.26 was created.
In his sole assignment of error, Mullins contends the trial court erred in denying his suppression motion. Mullins contends Officer Pigman had inadequate time and contact with him to believe he was intoxicated and less "probable cause" to believe he was in a condition representing a threat to his own personal safety. He notes that his injuries were slight scratches and that he only smelled "moderately" of alcohol.
In support of his assignment, appellant cites the case ofState v. Rainey (December 10, 1999), Montgomery App. 17922, unreported. In that case we held that an intoxicated passenger in an automobile could not be arrested for "public" intoxication under Dayton City ordinances because an automobile is not a "public" place.
The State argues that Pigman had probable cause to arrest appellant for the disorderly conduct charge because he had probable cause to believe that appellant committed the offense and could not provide for his own personal safety. We agree.
R.C. 2917.11(B) provides, "No person, while voluntarily intoxicated shall do either of the following . . . (2) Engage in conduct or create a condition which presents a risk of physical harm to himself or another, or to the property of another." Although disorderly conduct is classified as a minor misdemeanor and is normally not an arrestable offense, R.C. 2935.26(A) specifies four situations that allow an arrest to be made for a minor misdemeanor. One such exception is where the offender requires medical care or is unable to provide for his own safety.
The record supports the trial court's determination that Pigman's arrest of Mullins was lawful. The defendant was observed walking in a roadside ditch in the early morning hours in a condition in which Officer Pigman could fairly conclude was an intoxicated state. Although Mullins injuries were not serious, they appeared to have resulted from his falling into the roadside ditch. The risk of injury to the appellant if left to his own devices by Pigman was very real and Pigman's decision to arrest the appellant was reasonable under all the circumstances. We agree with the State that Rainey is inapposite to the facts before us. We therefore conclude the trial court properly overruled the suppression motion. The assignment is overruled.
Judgment of the trial court is Affirmed.
WOLFF, J., and FAIN, J., concur.